**BENDEL v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. February 28, 1927.)

No. 4961.

1. **Aliens** ⊂⇒46—Alien, voluntarily leaving country, is subject to all provisions of Immigration Act when he returns (Comp. St. § 4289¼a et seq.).

An alien, who voluntarily leaves this country, is subject to all the provisions of Immigration Act (Comp. St. § 4289¼a et seq.) whenever he seeks to return.

2. **Aliens** ⊂⇒53—Alien, returning to United States, was subject to deportation for conviction of crime involving moral turpitude, committed in United States before last entry (Immigration Act 1917, §§ 3, 19 [Comp. St. §§ 4289¼b, 4289¼jj]).

Alien, returning to United States after visit to Canada, was subject to deportation, under Immigration Act 1917, §§ 3, 19 (Comp. St. §§ 4289¼b, 4289¼jj), for conviction of crime involving moral turpitude, committed in United States before his last entry; disqualification being personal to alien, arising from conviction, and not from time or place of conviction.

3. **Aliens** ⊂⇒53—Carnal knowledge of child under 15 is offense involving "moral turpitude" (Immigration Act 1917, §§ 3, 19 [Comp. St. §§ 4289¼b, 4289¼jj]).

Offense of having carnal knowledge of child under 15 years of age, of which alien was convicted in Maryland, and which offense is usually classed as rape, involves "moral turpitude," within Immigration Act 1917, §§ 3, 19 (Comp. St. §§ 4289¼b, 4289¼jj), subjecting alien to deportation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Moral Turpitude.]

4. **Aliens** ⊂⇒54(14)—Alien, whose own testimony showed his conviction of crime involving moral turpitude, was not prejudiced by other irregularities in deportation proceeding.

Where fact of alien's conviction of crime involving moral turpitude and nature of the crime appeared from his own testimony, he was not injured or prejudiced by other irregularities in deportation proceeding.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Habeas corpus by Samuel Bendel against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco, Cal. Writ denied, and relator appeals. Affirmed.

William J. Gloria and Walter F. Lynch, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant is an alien, and was first admitted to the United States in 1908. He has resided in this country continuously from the time of his original entry, except for three visits to the Dominion of Canada, each of a few months' duration. He returned to the United States from Canada on his last visit in April, 1924, and was thereafter apprehended under a warrant dated May 20, 1924, reciting that he had been found in the United States in violation of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼a et seq.), for the following, among other, reasons: "That he was a person likely to become a public charge at the time of his entry, and that he has been convicted of or admits the commission of a felony or other crime or misdemeanor involving moral turpitude, to wit, carnal knowledge, prior to his entry into the United States." A hearing was had and deportation was ordered on the second ground stated in the warrant.

It appeared from the testimony taken before the Immigration Officers that the appellant was convicted of the crime of having carnal knowledge of a female child of the age of 15 years, in the criminal court of Baltimore City, Maryland, in December, 1921, and was sentenced to imprisonment in the Maryland House of Correction for the term of two years. Section 3 of the Immi-

gration Act of February 5, 1917 (39 Stat. 875 [Comp. St. § 4289¼b]), excludes from the United States "persons who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude." Section 19 of the same act (Comp. St. § 4289¼jj) provides that, at any time within five years after entry, "any alien who at the time of entry was a member of one or more of the classes excluded by law," and, "except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry," shall upon the warrant of the Secretary of Labor be taken in custody and deported.

It will thus be seen that deportation was ordered because of the commission of a crime involving moral turpitude in this country prior to the last entry, and the principal contention of the appellant is based upon the ground that such a conviction does not come within the provision of section 3 of the Immigration Act, excluding aliens who have been convicted of or admit the commission of a crime involving moral turpitude, because the latter provision refers exclusively to crimes committed without the United States and before entry.

[1, 2] An alien who voluntarily leaves this country is subject to all the provisions of the Immigration Act whenever he seeks to return. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967. And when the appellant sought to return to this country after his last visit to Canada he was confronted with the fact that he had been convicted of a crime involving moral turpitude. This conviction was ample ground for his exclusion and deportation, and the fact that the crime was committed and the conviction had in this country was not material. The law excluded him because of his moral character; the disqualification was personal to himself, and arose from his conviction, not from the time or place of conviction. For obvious reasons Congress did not see fit to limit the right of exclusion to crimes committed or convictions had in other countries, and the courts cannot so limit it. See Weedin v. Tayokichi Yamada (C. C. A.) 4 F.(2d) 455.

[3, 4] The crime of which the appellant was convicted is usually classed as rape, the statute simply raising the common-law age of consent, and such a crime manifestly involves moral turpitude. Inasmuch as the fact of conviction and the nature of the crime appeared from his own testimony, the appellant was in no wise injured or prejudiced by the other irregularities complained of. Takeyo Koyama v. Burnett (C. C. A.) 8 F. (2d) 941.

The order is affirmed.