**UNITED STATES ex rel. PARENTI v. MARTINEAU, Immigration Inspector, et al.**

**No. 3416.**

District Court, D. Connecticut.

May 5, 1930.

Anthony F. Arpaia, of New Haven, Conn., for petitioner.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for the defendants.

THOMAS, District Judge.

By a writ of habeas corpus, the petitioner seeks to test the validity of a warrant for his deportation to Italy.

The respondent has filed a return to the writ which shows that the petitioner is a native and subject of Italy, and that he arrived in this country about July 1, 1905. The return further shows that on November 20, 1918, the petitioner was found guilty of theft, and sentenced by the judge of the police court for the city of Meriden to the Connecticut Reformatory at Cheshire for an indeterminate period, and remained there for two years; that subsequently, having entered the United States Army, he was arrested by the military authorities on a charge of larceny—tried by court martial, convicted, and sentenced to one year of imprisonment. It is further alleged that on September 15, 1927, the petitioner pleaded to a charge of statutory burglary in the superior court at Bridgeport, and was sentenced to one and one-half to three years in the Connecticut State Prison, which sentence he has recently completed.

On November 27, 1928, a warrant for his deportation was issued directing his depor-

tation to Italy on the ground that subsequent to May 1, 1917, he was sentenced to imprisonment more than once for a term of one year or more for the commission, subsequent to his entry, of crimes involving moral turpitude, to wit, theft and statutory burglary.

To the return of the respondent no traverse was offered. Therefore the question presented is one of law based upon the conceded facts set forth in the return.

The petitioner suggests that his sentence to the reformatory at Cheshire was not a sentence for the period of one year or more. The return, however, shows that the sentence was for an indeterminate period, and that the petitioner actually served two years. What the maximum term of an indeterminate sentence is, under the Connecticut statute, does not appear, but I must assume that it is at least two years, in as much as the petitioner served that length of time. Under the Connecticut statute, however, it was competent for the board of parole to release the petitioner on parole after he had served six months.

It seems to me that, when a person has been sentenced for an indeterminate period, for the purpose of the Immigration Act, the period of his sentence is to be determined, not by the possible minimum, but rather by the possible maximum, during which he is liable to have to serve, for there is always a possible minimum of one day not only under the specific statute, but under the statutes lodging power of commutation in the executive. If the possible minimum sentence is to measure the liability to deportation of an immigrant, then section 19 of chapter 29 of the Act of 1917 (8 USCA § 155) is of no force and effect, for, as has already been observed, under the statute lodging commutative power in the executive the possible minimum of any sentence may be less than a day. I therefore hold in consonance with United States ex rel. Sirtie v. Commissioner of Immigration (D. C.) 6 F.(2d) 233, that the possible maximum of any sentence is the criterion by which to determine whether or not one has been sentenced for a period of one year or more.

The petitioner further suggests that the crime for which he was sentenced to the reformatory at Cheshire did not involve moral turpitude. I consider larceny as an offense involving moral turpitude. Bartos v. United States District Court for District of Nebraska (C. C. A.) 19 F.(2d) 722; United States ex rel. Ulrich v. Kellogg, 58 App. D.

C. 360, 30 F.(2d) 984, 986, 71 A. L. R. 1210. The fact that the petitioner stole the money from his mother does not, as I see it, serve to diminish its gravity.

It follows from this that it is unnecessary to determine what effect petitioner's sentence by court martial has upon these proceedings, as it is obvious that, irrespective of this sentence, the petitioner has been convicted more than once of a crime involving moral turpitude and sentenced more than once to a term of one year or more of imprisonment.

The writ is therefore dismissed, and the prisoner remanded, and an order to this effect may be submitted to the court on May 21, 1930, at 10:30 a. m. (daylight saving time), at New Haven, at which time the petitioner's request for a thirty-day stay will be considered.