## UNITED STATES ex rel. FERRARO v. KARNUTH, District Director of Immigration.

District Court, W. D. New York.
July 11, 1932.

Michael A. Crage, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y.

KNIGHT, District Judge.

Thomas Ferraro came to the United States in 1909, and has remained here continuously since that time with the exception of a two-hour visit to Canada in 1928. On March 22, 1932, while being examined in connection with a shooting, he made a statement to an investigator of the Prohibition Department in which he disclosed the above-mentioned facts, and also that he had at different times received a part of the earnings of a prostitute, which is a ground for deportation under the Immigration Law, regardless of the length of time the alien has been in the country. 8 US CA § 155; McLeod v. Nagle (C. C. A.) 48 F.(2d) 189. The statement was signed by the petitioner. On the following day petitioner was interrogated by an inspector from the immigration service, and, having been duly sworn, reiterated the truth of the former statement, and made no objection to its being made a part of the immediate examination. He further in answer to questioning affirmed the facts which constituted his offense.

At the hearing accorded him, after reading a copy of the statement made to the immigration inspector, he said: "There are a lot of things in there that I never mentioned a thing about." His counsel thereupon raised the objection that petitioner had denied making such a statement, and that he had not signed and subscribed it. The inspector who conducted the hearing recommended deportation, and this was ordered by the Secretary of Labor. The petitioner comes before this court on a writ of habeas corpus, his petition setting forth that there is no evidence upon

which the charges can be sustained, that he never made any such statements as those in evidence against him, and that he is innocent of the charges made by the government.

■ Upon a collateral review of deportation proceedings by means of a writ of habeas corpus, it is sufficient to uphold the determination of the Department of Labor that there was some evidence from which the conclusion of the administrative tribunal could be deduced, and that it committed no error so flagrant as to convince a court of the essential unfairness of the trial. Vajtauer v. Commissioner of Immigration, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560. The extent of the jurisdiction of this court lies in determining whether or not the petitioner was given a fair hearing and whether or not the charges are supported by the evidence.

■ The hearing was undoubtedly impartial. The petitioner was represented by counsel, had full opportunity to present any evidence he desired to introduce, and to enter objections to that introduced by the government. The first statement was made before deportation proceedings were considered and then verified before the immigration inspector. That the latter statement was not signed does not bar its admission. In Ranieri v. Smith (C. C. A.) 49 F.(2d) 537, the court held that the evidence used to obtain a warrant against the alien was admissible at the hearing, and that there was no requirement that the preliminary testimony be signed or sworn to. There was no denial on the part of the petitioner that he had received part of the earnings of this woman in her nefarious trade.

■ Applying the law and substantially the language of Ex parte Vilarino (D. C.) 47 F.(2d) 912, the credibility of the witnesses was for determination by the Secretary of Labor, and, since there was evidence to establish this petitioner's offense, the court is without power to reach a contrary conclusion.

■ The case of Svarney v. United States (C. C. A.) 7 F.(2d) 515, cited by petitioner, is not in point. The court held that, if the government desired the girl's testimony in that case, she, being available, should have been put on the stand for cross-examination. However, in this case, the woman could not be made to testify, as that would have violated her constitutional right against self-incrimination. United States ex rel. Louros v. Lindsey (D. C.) 51 F.(2d) 303; Ex parte Tozier (D. C.) 2 F.(2d) 268; and Nagle, Commissioner of Immigration, v. Eizaguirre (C. C. A.) 41 F.(2d) 735, being clearly distinguishable from the present case, are also inapplicable.

The writ is dismissed, and petitioner remanded to the custody of the immigration authorities for deportation.