**PRESIDENT OF THE UNITED STATES ex rel. FEDELE v. KARNUTH, District Director of Immigration, etc.**

No. 1794A.

District Court, W. D. New York.

Feb. 20, 1936.

Knibloe & Lipsitz, of Buffalo, N. Y., for petitioner.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., by Robert M. Hitchcock, Asst. U. S. Atty., of New York City, for respondent.

KNIGHT, District Judge.

■ The writ must be dismissed. The defendant entered this country legally in 1922. Subsequently he left this country, went to a foreign country, and returned to the United States about July 15, 1926. Prior to such re-entry relator was convicted of certain crimes involving moral turpitude. Relator is in this country in violation of the Immigration Act of February 5, 1917, 39 Stat. 874, and is subject to deportation.

■ The Act of February 5, 1917, applies where there was a lawful entry, subsequent unalwful entry, and crime or crimes committed prior to the lawful entry. Lapina v. Williams, 232 U.S. 78, 34 S.Ct. 196, 58 L.Ed. 515; Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 491, 58 L.Ed. 967; Bendel v. Nagle (C.C.A.) 17 F.(2d) 719, 57 A.L.R. 1129; Nakazo Matsuda v. Burnett (C.C.A.) 68 F.(2d) 272. It was said in Lewis v. Frick, supra: "We hold, therefore, that the fact that the petitioner, Lewis, had been domiciled for six years or more in this country, he remaining still an alien, did not change his status so as to exempt him from the operation of the immigration act; and that if he departed from the country, even for a brief space of time, and on re-entering brought into the country a woman for the purpose of prostitution * * he subjected himself to the operation of the clauses of the act that relate to the exclusion and deportation of aliens, the same as if he had had no previous residence or domicile in this country."

The crimes charged are such as involve moral turpitude. Weedin v. Tayokichi Yamada (C.C.A.) 4 F.(2d) 455; Ponzi v. Ward (D.C.) 7 F.Supp. 736; United States ex rel. Patricola v. Karnuth (D.C.) 9 F. Supp. 961; United States ex rel. Parenti v. Martineau (D.C.) 50 F.(2d) 902; United States ex rel. Rizzio v. Kenney (D.C.) 50 F.(2d) 418.

■ Departure to a foreign country and return on the same day constitutes an unlawful entry. United States ex rel. Williams v. Karnuth (D.C.) 2 F.Supp. 316; United States ex rel. Lehtola v. Magie (D.C.) 47 F.(2d) 768.

The writ must be dismissed and relator remanded.