**UNITED STATES of America, Plaintiff,**

v.

**ONE 1989 MERCEDES BENZ, Defendants.**

**No. 96cv158.**

United States District Court, W.D. New York.

July 22, 1997.

instant decision.

Gregory L. Brown, Medford, MA, for Plaintiff.

Mark T. Kenmore, Brooklyn, NY, for Defendant.

SCOTT, United States Magistrate Judge.

Before the Court is the defendant's motion for summary judgment (Docket Item No. 19) [1] and the plaintiff's cross-motion for summary judgment (Docket Item # 24).[2] Oral argument was heard on Monday April 7, 1997.

### Background

This is a forfeiture action which revolves around a 1989 Mercedes Benz registered to Kerry Hui, who is the claimant in this action. The vehicle was seized by the Immigration and Naturalization Service on December 16, 1995 for allegedly being used in an attempt to illegally transport an individual, Eddie Chan, into the United States.

The following facts appear undisputed.[3] Hui is a naturalized citizen of Canada. On December 16, 1995, Hui drove the vehicle at issue in this action (hereafter referred to as "the Mercedes") to the primary inspection booth at the Rainbow Bridge Port of Entry in Niagara Falls, New York. In the car with Hui was Chan.

The government further alleges that at the time of the inspection, Hui presented the Immigration and Naturalization Service ("INS") Inspector his Canadian citizenship

---

1. According to a January 15, 1997 minute entry, a previous motion for summary judgment (Docket Item No. 13) was withdrawn by the defendant without prejudice.

2. On December 24, 1996, the parties filed a Consent to proceed before the Magistrate Judge. Thus, this Court has dispositive jurisdiction with respect to the instant motions.

3. Notwithstanding Rule 56 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, neither party filed the required statement of facts.

card for himself and a California identification card for Chan. The government alleges that Chan claimed to be a United States ·citizen at that time. The government further alleges that when the INS agent questioned Chan, Hui attempted to speak for Chan and had to be instructed to allow Chan to speak for himself The government asserts that when the INS Inspector asked Chan for further identification, Hui reached into the glove box and produced a California birth certificate in the name of Edward Kuen Choek Chan. Subsequently, Chan was found to possess a Social Security Card numbered 556–50–6038. The government states that after Chan's identification documents were found to be counterfeit, Hui admitted that the documents were, in fact, counterfeit, that Chan was not legally in Canada, and that Chan's passport was carried over the U.S. border in a trail car driven by Sunny K. Cheng. It is alleged that Cheng was found by INS agents in the Howard Johnson's parking lot where, as Hui had allegedly advised the agents, Cheng was told to wait for Hui and Chan. Finally, during oral argument the government further alleged that this plan was undertaken because Chan had previously been deported from Canada, and thus, disclosure of Chan's actual status would have alerted officials to the fact that Chan had been in Canada illegally. Although Hui admits that Chan falsely claimed to be a United States citizen, Hui does not admit to the government's full description of what transpired at the primary and secondary inspections.[4]

The plaintiff argues that notwithstanding any false documents, Chan possessed a valid B–1/B–2 visa in his Hong Kong identity certificate upon which Chan was admitted to the United States at San Francisco, California on December 14, 1995.

The government does not dispute that Chan possessed a valid visitor's visa and that Chan was lawfully admitted into the United States at San Francisco two days prior to being stopped at the Rainbow Bridge. The government argues, however, that notwithstanding his valid visitor's visa, Chan attempted to enter the United States illegally by misrepresenting his citizenship status in violation of 8 U.S.C. § 1325. Thus, the government argues that it is entitled to seize Hui's automobile under 8 U.S.C. § 1324.

## Discussion

### Standard of Review

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See *Trans Sport, Inc. v. Starter Sportswear, Inc.*, 964 F.2d 186, 188 (2nd Cir.1992) citing *Bryant v. Maffucci*, 923 F.2d 979, 982 (2nd Cir.1991). The non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." *Lendino v. Trans Union Credit Information Co.*, 970 F.2d 1110, 1112 (2nd Cir.1992), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

*General Electric Company v. New York State Department of Labor*, 936 F.2d 1448, 1452 (2nd Cir.1991), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In fact, "the non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." *Trans Sport, supra*, 964 F.2d at 188, quoting *Bryant v. Maffucci, supra*. If undisputed material facts are properly placed before the court by the moving party, "those facts will be deemed admitted, unless they are properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2nd Cir.1992), citing *Dusanenko v. Maloney*, 726 F.2d 82 (2nd Cir.1984). The court's responsibility in addressing a summary judgment motion is identifying factual issues, not resolving them. See *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 528 (2nd Cir.1990).

---

4. As discussed below, although the defendant does not admit to the government's recitation of the facts, he has not submitted any affidavit or evidence disputing the government's allegations.

*The Statutory Basis for the Alleged Forfeiture*

The government argues that Chan attempted to enter the United States using false or misleading representations in violation of 8 U.S.C. § 1325, and that it is entitled to forfeiture of Hui's automobile pursuant to 8 U.S.C. § 1324(a)(1)(A)(iv).

Section 1325(a) provides that:

Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

Section 1324(a)(1)(A)(iv) provides that any person who:

encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law shall be punished as provided in § 1324(a)(1)(B).

Section 1324(b) goes on to provide, in pertinent part, that:

(1) Any conveyance, including any vessel, vehicle, or aircraft, which has been or is being used in the commission of a violation of subsection (a) of this section shall be seized and subject to forfeiture, . . . .

(5) In all suits or actions brought for the forfeiture of any conveyance seized under this section, where the conveyance is claimed by any person, the burden of proof shall lie upon such claimant, except that probable cause shall be first shown for the institution of such suit or action. In determining whether probable cause exists, any of the following shall be prima facie evidence that an alien involved in the alleged violation had not received prior official authorization to come to, enter, or reside in the United States *or that such alien had come to, entered, or remained in the United States in violation of law:* [5] . . .

(C) Testimony, by an immigration officer having personal knowledge of the facts concerning that alien's status, that the alien had not received prior official authorization to come to, enter, or reside in the United States or that such alien had come to, entered, or remained in the United States in violation of law.

It is undisputed that Chan made a claim to be a United States citizen at the primary inspection. (See Hui's Reply to Plaintiff's Cross–Motion at page 2.) Notwithstanding this admission, Hui claims that this "violation of law" was not a "coming to" (and apparently not an "entry to") the United States border for the purposes of § 1324(a)(1)(A)(iv). *Id.* However, Hui has supplied the Court with no authority in support of this proposition.

▪▪▪ As a matter of law, this Court finds that Chan's attempt to re-enter the United States was a "coming to" or an attempted "entry" to the United States for the purposes of 8 U.S.C. § 1324(a)(1)(A)(iv). Although he may have been legally admitted to the United States at San Francisco two days earlier, once he left the United States for Canada (or any other country) Chan was obligated to demonstrate that he was legally entitled to re-enter the United States. The fact that he may have been legally entitled to re-enter the United States does not negate the fact that instead of utilizing this legal basis for re-

5. At page 4 of defendant's Memorandum in Support of the Motion for Summary Judgment, the defendant incorrectly quotes a portion of 8 U.S.C. § 1324(b)(5) as follows:

In determining whether probable cause exists, any of the following shall be prima facie evidence that an alien involved in the alleged violation had not received prior official authorization to come to, enter, or reside in the United States whether such alien had come to, entered, or remained in the United States in violation of law:

The Court's edition of the United States Code, as quoted above, provides the words "or that" in place of the word "whether" as stated by the defendant.

entry he attempted to gain entry by fraudulent misrepresentation. Entry into the United States by an alien is a privilege which is subject to regulations, conditions and procedures established by the United States. See *United States v. Henry*, 604 F.2d 908 (5th Cir.1979), *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317 (1950). "Every entry into the United States from a foreign country is an original entry. [A]n alien who voluntarily leaves this country is subject to all the provisions of the Immigration Act whenever he seeks to return." *Del Castillo v. Carr*, 100 F.2d 338, 341 (9th Cir.1938) *quoting Bendel v. Nagle*, 17 F.2d 719, 720, (9th Cir.1927).

Section 1325(a) expressly makes illegal an attempt to enter the United States "by a willfully false or misleading representation or the willful concealment of a material fact." As noted above, it is undisputed that Chan attempted to re-enter the United States by falsely claiming to be a U.S. citizen.

■ The only remaining question is whether Hui encouraged or assisted Chan to re-enter the United States in violation of § 1324(a)(1)(A)(iv). The government has submitted the affidavit of Martin F. Mahady, an Inspector with the U.S. Immigration and Naturalization Service (INS) who was the primary inspector involved in Chan's stop at the border on December 16, 1995. In his affidavit, Mahady testifies that when the automobile driven by Hui approached him at the Rainbow Bridge, he asked the driver (Hui) what his citizenship was. (Mahady Affidavit at ¶ 3) According to Mahady, Hui stated that he was a Canadian citizen and that his passenger (Chan) was a citizen of the United States. Mahady states that Hui then handed him two identification cards: one attesting that Hui was a Canadian citizen, the other a California identification card purporting to identify Chan. (Mahady Affidavit at ¶ 3) Mahady testifies that he attempted to address Chan, but that Hui insisted on responding for Chan. (Mahady Affidavit at ¶ 4) Mahady states that he directed Hui not to respond for Chan, and that at that time Chan identified himself and stated that he was born in California. (Mahady Affidavit at ¶ 5) Mahady stated that because Chan had a very pronounced accent he asked Chan to provide additional proof of citizenship. According to Mahady, at that time Hui reached into the glove box of the vehicle and produced a purported California birth certificate with Chan's name on it. (Mahady Affidavit at ¶ 6) Mahady further stated that Hui advised him that he and Chan were destined for New York City to visit with friends. Mahady asked to look in the trunk of the vehicle which revealed only one suitcase. Hui advised Mahady that the suitcase contained both his and Chan's belongings. (Mahady Affidavit at ¶ 7) Finally, Mahady states that because he had doubts regarding the credibility of both Hui and Chan, he directed them to secondary inspection for further questioning. (Mahady Affidavit at ¶ 8).

The government also submitted the affidavits of John C. Wall and Sean Gallagher, the INS inspectors who conducted the secondary inspection of Hui and Chan on December 16, 1995. According to Wall, Hui reiterated his statements that he and Chan were heading for New York City to visit friends. (Wall Affidavit at ¶ 3). At that point, Wall accompanied Chan to a separate interview room. (Wall Affidavit at ¶ 4). Gallagher states that he conduced a separate interview with Hui. (Gallagher Affidavit at ¶ 3). According to Gallagher, Hui initially maintained the same story told to Inspector Mahady, but that once Hui was advised that a check on Chan's documents revealed them to be false, Hui acknowledged that the documents were counterfeit and that Chan was using the documents because he was not allowed in Canada. According to Gallagher, Hui also advised him that Chan's passport was carried over the United States border in another vehicle. (Gallagher Affidavit at ¶ 5). Finally, Gallagher testifies that he went to the location where Hui stated the other car would be waiting and located that car and its driver. According to Gallagher, the driver of the second car advised him that Hui had asked him to transport Chan's passport across the border. (Gallagher Affidavit at ¶ 7).

Although Hui does not affirmatively admit these allegations, he has not submitted any evidence or testimony to dispute them. Hui's counsel's statement that the affidavits

of the INS officers "have not been conceded, and are in contest" is not sufficient to defeat a motion for summary judgment. (See summary judgment standard above).

Based on the above, the Court finds that Hui did encourage, and otherwise aide and abet, Chan in attempting to re-enter the United States in violation of 8 U.S.C. §§ 1325(a) and 1324(a)(1)(A)(iv), and that the 1989 Mercedes–Benz which is the subject of this action was properly seized and forfeited to the United States government pursuant to 8 U.S.C. § 1324(b).

### Conclusion

Based on the above, defendant's motion for summary judgment (Docket Item # 19) is **DENIED,** and plaintiff's for summary judgement (Docket Item # 24) is **GRANTED.**

So Ordered.