**Allexandr Yefimovich LEVIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70698.

INS No. A71–164–458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided Feb. 16, 2001.

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM [1]

Alexandr Yefimovich Levin ("Levin") petitions for review of the order of the Board

1. This disposition is not appropriate for publication and may not be cited to or by the

of Immigration Appeals ("BIA") finding him deportable as an alien inadmissible at entry because of his foreign conviction for a crime of moral turpitude. 8 U.S.C. § 1251(a)(1)(A) (1994).[2] He contends that the INS did not establish that he was convicted of a crime involving moral turpitude, that his foreign conviction was expunged, and that the BIA erred in finding him statutorily ineligible for asylum and withholding of deportation.

Levin's petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (1996). Section 309(c)(4)(G) of the transitional rules states that there "shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) of the Immigration and Nationality Act...." Section 212(a)(2)(A)(i)(I) of the Act renders inadmissible any alien who has committed an offense involving "moral turpitude." Accordingly, if Levin was convicted of a crime involving moral turpitude, IIRIRA divests this court of jurisdiction over his appeal. *Luu–Le v. INS*, 224 F.3d 911, 914 (9th Cir.2000). We retain jurisdiction, however, to "determine whether the underlying conviction" constitutes a crime of moral turpitude "within the meaning of the transitional rules." *Alberto–Gonzalez v. INS*, 215 F.3d 906, 907 (9th Cir.2000).

Levin contends that the INS did not meet its burden of proof in establishing that he was convicted of a crime involving moral turpitude. At a hearing before the Immigration Judge, Levin's attorney stated on the record that Levin admitted the factual allegations of the INS's Order to Show Cause, including the allegation that Levin was, "on June 2, 1965, convicted in the Dnepropetrovsk Regional Court for the offense of Gang Rape of a Minor in violation of the law of the Soviet Ukrainian Republic." Notwithstanding his attorney's admission, Levin contends that the INS failed to establish categorically that the statute under which he was convicted embraces only offenses involving moral turpitude, because the INS did not introduce any documentary evidence pertaining to the conviction. In the alternative, Levin argues that his conviction has been expunged and thus that he no longer stands convicted of the offense.

■ Levin is correct that the question whether a crime is one of moral turpitude ordinarily must be answered categorically. *Goldeshtein v. INS*, 8 F.3d 645, 647 (9th Cir.1993). In many cases, the absence of information about the specific nature of the alien's crime will require an examination of the statute under which the alien was convicted in order to determine whether a conviction under that statute necessarily involves moral turpitude. However, when an alien has admitted to having been convicted of a crime that inherently involves moral turpitude, an examination of the statute itself is not required. Rape and similar sexual offenses have long been held to be crimes involving moral turpitude. *See, e.g., Schoeps v. Carmichael*, 177 F.2d 391, 394 (9th Cir.1949); *Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir.1927).[3] Accordingly, when an alien concedes that he has been convicted of the

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**2.** 8 U.S.C. § 1251(a)(1)(A) has since been amended and recodified as 8 U.S.C. § 1227(a)(1)(A). The amendments are not relevant to this case.

**3.** *See also* Annotation, "What Constitutes 'Crime Involving Moral Turpitude' Within Meaning of §§ 212(a)(9) and 241(a)(4) of Immigration and Nationality Act (8 U.S.C.A. §§ 1182(a)(9), 1251(a)(4)), and Similar Predecessor Statutes Providing for Exclusion or Deportation of Aliens Convicted of Such

crime of gang rape of a minor, the INS bears no further burden of proof in establishing that the conviction is for a crime involving moral turpitude.

█ Levin's contention that the IJ and BIA erred in not giving effect to the "expungement" of his conviction pursuant to a Ukrainian rehabilitative statute under which individuals who have committed no new crimes for eight years after release are deemed to be without convictions is without merit. First, the record does not establish that Levin's conviction for gang rape of a minor has been expunged. Second, even were we to assume that his conviction had been expunged because eight years had passed without the commission of further crimes, a foreign expungement of that nature is not effective to vitiate the conviction for purposes of United States immigration law. *See, e.g., Weedin v. Hempel,* 28 F.2d 603, 604 (9th Cir.1928); *Marino v. INS,* 537 F.2d 686, 691 (2d Cir.1976).

Finally, Levin contends that the BIA erred in finding him statutorily ineligible for asylum and withholding of deportation on the ground that he had been convicted of an "aggravated felony." He points out that the term "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43) applies only to foreign convictions "for which the term of imprisonment was completed within the previous 15 years." Levin argues that because his sentence was completed in 1977, more than fifteen years before deportation proceedings were instituted against him, he should have been permitted to apply for asylum and withholding of deportation.

Because Levin was convicted of a crime involving moral turpitude, we lack jurisdiction over his petition. We therefore are without jurisdiction to consider his argument that he remains statutorily eligible to apply for asylum and withholding of deportation. *See* IIRIRA § 309(c)(4)(G). However, Levin may seek habeas relief as to that issue in the district court under 28 U.S.C. § 2241. *See Magana–Pizano v. INS,* 200 F.3d 603, 610 (9th Cir.1999). Accordingly, we dismiss Levin's petition without prejudice to his filing a habeas petition in the district court.

DISMISSED WITHOUT PREJUDICE

Crime," 23 A.L.R. Fed. 480 (1975) (Supp. 2000), § 12(h) (collecting cases).