**Leslie Howard SWIFT, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73522.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008 *.

Filed Feb. 15, 2008.

Michael Franquinha, Aguirre Law Group LLP, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

MEMORANDUM **

Leslie Howard Swift, a legal permanent resident of the United States and a native and citizen of Canada, petitions for review of the Board of Immigration Appeals' ("BIA") order finding him statutorily ineligible for adjustment of status.

Respondent's motion to dismiss is construed as a motion for summary disposition. So construed, the motion is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Following a jury trial, petitioner was convicted of substantial sexual conduct with a child under the age of 14 years in violation of California Penal Code Section 288.5; lewd act with a child under the age of 14 years in violation of California Penal Code Section 288(a); and act of penetration with a foreign object of a child under the age of 14 years in violation of California Penal Code Section 289(j). Petitioner concedes that "he was previously admitted to the United States as a legal permanent resident and subsequent to his admission-he [sic] was convicted of an aggravated felony." *See* Pet'r's Resp. to Resp't's Mot. to Dismiss at 10. A legal permanent resident convicted of an aggravated felony after the date of admission for permanent residence is removable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). A legal permanent resident convicted of an aggravated felony after the date of admission for permanent residence is also ineligible for a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

waiver of the removal order. *See* 8 U.S.C. § 1182(h); *Taniguchi v. Schultz*, 303 F.3d 950, 956–58 (9th Cir.2002) (explaining that "[e]liminating the availability of § 212(h) relief for [legal permanent residents] prevents such an alien from applying to adjust his status while still within the U.S."). Moreover, the crimes for which petitioner was convicted are crimes involving moral turpitude. *See Bendel v. Nagle*, 17 F.2d 719 (9th Cir.1927) (holding that a conviction for having carnal knowledge of a 15–year–old is a crime involving moral turpitude). Accordingly, petitioner is statutorily ineligible for adjustment of status.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.