### STATE *vs*. ROBERT H. CUBBERLY.

1. MALICIOUS MISCHIEF—DEFINITION.

To constitute malicious mischief there must exist malice, which inspires the mischief resulting in damage or tending to breach the peace.

2. MALICIOUS MISCHIEF—PROSECUTION—SUFFICIENCY OF EVIDENCE—MALICE.

Evidence in a prosecution for malicious mischief *held* not to show malice by accused.

(*May* 4, 1911.)

Judges BOYCE and WOOLLEY sitting.

*Eugene Hardesty* for the state.

*Richard S. Rodney* for the defendant.

Court of General Sessions, New Castle County, May Term, 1911.

INDICTMENT FOR MALICIOUS MISCHIEF (No. 37, May Term, 1911).

At the trial the state proved that the prosecuting witness, Margaret Chappelle, having previously had trouble with the defendant, left her home on Market Street, in the City of Wilmington, Delaware, leaving in the back yard of the house in which she and Cubberly, the defendant, separately lived as tenants, a cupboard of small intrinsic value which she prized highly as a family heirloom, and that while she was away, the defendant hired a colored man to clean out the back yard and told him that by way of compensation for his work he could break up the box enclosing the cupboard and take the same for firewood, which he did, including the cupboard.

At the completion of the state's testimony, Mr. Rodney, counsel for defendant, moved that the jury be instructed to return a verdict of not guilty on the ground that the testimony as produced by the state failed in several ways to support an indictment for malicious mischief, namely:

(1) That the element of secrecy was not proven, the offense not having been alleged in the indictment or proven to have occurred in the night time.

Charge.

(2)  That the state had failed to sufficiently prove the element of malice.

As to the first ground, the state contended that it had already been decided in this state that it was not necessary in an indictment for malicious mischief to allege that the offense was committed in the night time; citing *State v. Little and McCallister*, 7 *Penn.* 217, in which case a demurrer to the indictment on the ground that it failed to allege the commission of the offense in the night time was overruled; and, furthermore, that the evidence showed this particular offense to have been committed while the prosecuting witness was away from home.  As to the second ground, the state contended there was evidence that the prosecuting witness had previously had trouble with the defendant, being by him forced out of a house as a tenant, and that after the commission of this offense, when the prosecuting witness met the defendant and asked for an explanation, the defendant "merely grunted and passed on without responding".   Upon this testimony the state relied for evidence of malice.

WOOLLEY, J., charging the jury:

[1] Gentlemen of the jury:—The offense for which this defendant is indicted is not a statutory offense in this state, but it is an offense that had its origin at common law. It possesses several elements which must be proven to secure a conviction, the principal one being the element of malice.  In every trespass that amounts to malicious mischief, there must be malice of a certain character, that is, a certain malignity, which, when it inspires mischief, results in damage to the community or tends to a breach of the peace.

[2]  We are convinced, from the testimony produced by the state, that this is not a case of malicious mischief; that at most it is a case of private trespass, for which the prosecutrix has her remedy against the defendant in a civil action.  Therefore we think that the defendant should not be called upon to defend in a matter in which the state has not proven the elements of the crime

charged against him. We therefore direct you and bind you to return a verdict of not guilty.

Verdict, not guilty.