MATTER OF N——

In DEPORTATION Proceedings

A-8584934

*Decided by Board November 9, 1959*

Crime involving moral turpitude—Malicious mischief, section 692, Delaware
  Penal Code.

Delaware malicious mischief statute (section 692, Delaware Penal Code) en-
  compasses crimes which both do and do not involve moral turpitude. When
  record of conviction fails to show with particularity that misconduct was
  inherently base or depraved, finding of moral turpitude cannot be made.

CHARGE:

Order: Act of 1952—Section 241(a) (4) [8 U.S.C. 1251(a) (4)]—Convicted
    of two crimes, to wit: malicious mischief and malicious mischief.

**BEFORE THE BOARD**

Discussion: An order entered by the special inquiry officer on
July 17, 1959, provides for respondent's deportation under section
241(a) (4) of the Immigration and Nationality Act (8 U.S.C. 1251
(a) (4)), as a twice convicted alien. The special inquiry officer has
certified the case to this Board for final decision (8 CFR 3.1(c)).

The respondent, a native and national of Poland, male, 21 years
of age, unmarried, last entered the United States for permanent
residence through the port of New York on November 27, 1953. He
has been convicted on two occasions (August 1957 and December 30,
1958) by the Municipal Court at Wilmington, Delaware, for the
offense of malicious mischief.

The information charging the respondent with committing an
offense in violation of section 692 of the Delaware Penal Code, reads
in part as follows: "* * * with force of arms * * * did unlawfully
commit a misdemeanor, to wit: Did commit an act of malicious
mischief at 201 South Market Street, Rest Room." The information
charging a violation of section 691 of the Delaware Penal Code
charges that the respondent "did commit an act of malicious mis-
chief by causing damage to the furnishing of the Wilmington Girls
Club."

The crime of malicious mischief is defined by section 692 of the
Delaware Penal Code of 1953, as follows:

466

Whoever unlawfully, maliciously and mischievously destroys or injures any real or personal property, or any other thing of value, to the value of less than $100, shall be fined not less than $25 nor more than $500, or imprisoned not more than six months, or both.

Section 691 of Title 11 of the Delaware Penal Code defines a similar offense except the value of the property is $100 or more and the penalty on conviction is left to the discretion of the court.

Counsel urges that the offense of malicious mischief as defined by the Delaware statutes does not involve moral turpitude. The special inquiry officer on the other hand finds that since the Delaware statutes contain the element of malice the crimes defined involve moral turpitude.

The special inquiry officer could find no reported cases in which the courts of Delaware have interpreted the statutory offense of "malicious mischief." The statutes were added to the Delaware Penal Code by the Act of June 5, 1951 (48 Delaware Laws, ch. 308, section 1). The special inquiry officer relies on cases decided prior to 1951 which are based on the common law offense of "malicious mischief." [1] These cases, in effect, hold that the mischief must be inspired by a malicious intent either expressed or implied.

The State of Illinois has a statute which defines the offense of "malicious mischief" in most identical terms as that of Delaware.[2] We have held on two occasions that the offense defined by the Illinois statute does not necessarily or inherently involve moral turpitude under all circumstances (*Matter of T——*, A–5411764 (B.I.A., May 16, 1947, unreported); *Matter of M——*, A–6111128 (B.I.A., September 30, 1953, unreported)). Both the Delaware and Illinois statutes are extremely broad in scope, including offenses which may or may not involve moral turpitude. Where a criminal statute is divisible, it is a well-established rule that we must look to the record of conviction for a determination of whether the crime committed involves moral turpitude.

The special inquiry officer is of the opinion that his finding of moral turpitude is consistent with prior reported rulings by this Board.[3] We find the cases distinguishable. We noted in *Matter of M——* (*supra* [3]) that the indictment averred that the alien did "maliciously and wantonly injure and destroy * * * two hogs be-

---

[1] *State v. Cubberly*, 26 Del. 100, 80 Atl. 1003 (1911); *State v. McCallister*, 23 Del. 301, 76 Atl. 226 (1909); *State v. Wright*, 25 Del. 393, 79 Atl. 399 (1911).

[2] The Illinois statute defining malicious mischief reads as follows: "Whoever willfully and maliciously destroys, injures or defaces any building or fixture attached thereto, without consent of the owner, or destroys, injures or secretes any goods or chattels of another, shall be imprisoned," etc. (Cahill's Illinois Revised Statutes (1929), ch. 38, section 418; Jones Illinois Statutes Annotated (1936), section 37–378).

[3] *Matter of R——*, 5 I. & N. Dec. 612 (B.I.A., 1954); *Matter of M——*, 3 I. & N. Dec. 272 (B.I.A., 1948).

467

longing to J——B——L——, by then and there stabbing, striking, and killing said hogs with an axe." The indictment in *Matter of R——* (*supra*[3]) charged the alien with "wantonly, willfully and maliciously attempting to destroy property by the use of explosives." We could determine from the indictments returned in both cases that the aliens were convicted of offenses perpetrated maliciously and wantonly and not for acts accompanied by negligence or carelessness.

We are unable to make such a determination in the instant case. The informations here under consideration merely charge the respondent with committing misdemeanors, to wit: "Did commit an act of malicious mischief at 201 South Market Street, Rest Room" (exh. 2); "Did commit an act of malicious mischief by causing damage to the furnishing of the Wilmington Girls Club" (exh. 4). The statute by its very terms includes offenses which do and offenses which do not involve moral turpitude. The records of conviction fail to show with sufficient particularity that the offenses of which the respondent stands convicted are inherently base and vile as distinguished from acts which are wrong merely because prohibited by law (37 Op. Atty. Gen. 293, 1933).

We are unable to determine from the records of conviction that the respondent has been convicted of offenses which necessarily involve moral turpitude. Taking the statute at its minimum, it is concluded that the offenses in question have not been shown to be crimes involving moral turpitude. An appropriate order will be entered.

**Order:** It is directed that the order entered by the special inquiry officer on July 17, 1959, directing the alien's deportation from the United States pursuant to law on the charge contained in the order to show cause, be and the same is hereby withdrawn.

*It is further ordered* that the proceedings under the order to show cause be and the same are hereby terminated.