Jose Carlos GONZALEZ–ALVARADO,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 92–70383.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1993.

Decided Nov. 4, 1994.

Antonio Salazar and Rosalynn Guillen, Seattle, WA, for petitioner.

David V. Bernal, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Jose Carlos Gonzalez–Alvarado is a Mexican citizen who lawfully entered the United States in September 1985 as a permanent resident alien married to a United States citizen. According to the government, soon after his arrival Gonzalez had sexual intercourse with his 11–year–old stepdaughter on at least two occasions. He was subsequently convicted in Washington state on two counts of first degree incest and sentenced to two concurrent 20–month terms of incarceration.[1]

---

1. The statute under which Gonzalez was convicted provides in relevant part:

   (1) A person is guilty of incest in the first degree if he engages in sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an an-

In 1990, the government initiated deportation proceedings against Gonzalez under 8 U.S.C. § 1251(a)(4) (1988), which requires deportation of an alien who within five years of entry is convicted and sentenced to confinement for a year or more for a "crime involving moral turpitude."[2] Gonzalez contended his 1986 convictions were not for crimes "involving moral turpitude" within the meaning of section 1251(a)(4). The immigration judge and the Board of Immigration Appeals rejected his argument, and Gonzalez petitions for review.

We review de novo whether the statutory basis for an alien's conviction defines a crime involving moral turpitude. *Goldeshtein v. INS*, 8 F.3d 645, 647 n. 4 (9th Cir. 1993). In making this determination, we consider the elements or nature of a crime as defined by the relevant statute, not the actual conduct that led to the conviction. *Id.* at 647. We therefore disregard the victim's age and the particular familial relationship allegedly involved in the crimes here because the record of conviction establishes only that Gonzalez was convicted of first degree incest under Washington law. Our task is to decide whether this law defines a crime that necessarily involves "moral turpitude."

Typically, crimes of moral turpitude involve fraud. *See Grageda v. U.S. INS*, 12 F.3d 919, 921 (9th Cir.1993); *Goldeshtein*, 8 F.3d at 647. However, we have included in this category acts "of baseness or depravity contrary to accepted moral standards," *Grageda*, 12 F.3d at 921 (quotation omitted), such as spousal abuse, child abuse, and statutory rape which involve moral turpitude "by their very nature." *See id.* at 922 (spousal abuse); *Guerrero de Nodahl v. INS*, 407 F.2d 1405, 1406–07 (9th Cir.1969) (child abuse); *Bendel v. Nagle*, 17 F.2d 719, 720

(9th Cir.1927) (statutory rape). Incest also involves an act of baseness or depravity contrary to accepted moral standards, and we hold that it too is a "crime involving moral turpitude." *See also* II American Law Institute, *Model Penal Code and Commentaries* § 230.2 cmt. 2(d), at 406–07 (1980) (recognizing that laws against incest reinforce a community norm of "general and intense hostility" toward such conduct).[3]

Gonzalez cites the holding in *Hirsch v. INS*, 308 F.2d 562, 567 (9th Cir.1962), that merely willful conduct, as distinguished from intentionally fraudulent conduct, does not involve moral turpitude, and argues that *Hirsch* governs this case because the Washington statute requires only that he knew of his relationship to the incest victim, and not that he had an evil intent. Even if evil intent is not explicit in the definition of incest in the Washington statute, we have held "a crime nevertheless may involve moral turpitude if such intent is implicit in the nature of the crime." *Goldeshtein*, 8 F.3d at 648 (quotation omitted). A crime involving the willful commission of a base or depraved act is a crime involving moral turpitude, whether or not the statute requires proof of evil intent. *Grageda*, 12 F.3d at 922; *see also Guerrero de Nodahl*, 407 F.2d at 1407 (child beating considered so heinous that "willful conduct and moral turpitude are synonymous").

Gonzalez also contends that first degree incest under the Washington statute encompasses conduct that is not morally objectionable. With a single exception, the statute focuses on sexual intercourse between persons within the narrowest range of prohibited relationships in the Model Penal Code. *See* II American Law Institute, *Model Penal Code* § 230.2 (1980).[4] Since the

---

cestor, descendant, brother, or sister of either the whole or the half blood.

(3) As used in this section 'descendant' includes stepchildren and adopted children under eighteen years of age. Wash.Rev.Code § 9A.64.020.

**2.** Section 1251(a)(4) has since been revised and recodified at 8 U.S.C. § 1251(a)(2)(A)(i) (Supp. IV 1992). The revision does not apply to Gonzalez because notice of his deportation proceeding

was provided before March 1, 1991. *See* Pub.L. No. 101–649, sec. 602(d), 104 Stat. 5082 (1990).

**3.** Gonzalez concedes as much. Brief of Petitioner 22 ("it is conceded by appellant that generally the crime of incest would be one of moral turpitude").

**4.** Because the Washington incest statute does not extend to uncle-niece relationships, Gonzalez's reliance on *In re B*, 2 I. & N. Dec. 617 (Central Office 1946), is misplaced.

statute extends its protection beyond this range only to stepchildren under the age of 18, it does not reach conduct lacking moral turpitude. *Cf. Bendel,* 17 F.2d at 720 (statutory rape involves moral turpitude). All of the conduct criminalized by the Washington statute may be fairly characterized as involving acts "of baseness or depravity contrary to accepted moral standards." [5] The petition for review is

**DENIED.**

---

5. If in an unforeseen case the Washington statute reached morally acceptable conduct, the perpetrator would probably receive a sentence of less than a year, and section 1251(a)(4) would be inapplicable.