Noel Ali **RODRIGUEZ–HERRERA,**
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 93–70645.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1994.

Decided April 6, 1995.

Eric J. Bakken, Seattle, WA, for petitioner.

David M. McConnell, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BROWNING and CANBY, Circuit Judges, and HUFF *, District Judge.

CANBY, Circuit Judge.

In this case we are asked to determine whether second degree malicious mischief, as defined in the Revised Code of Washington ("RCWS") § 9A.48.080, is necessarily a crime involving "moral turpitude" for purposes of establishing deportability under § 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1988).[1] Because Washington's crime of malicious mischief in the second degree is a relatively minor offense and does not necessarily involve a base act contrary to moral standards, we hold that it does not qualify as a crime of moral turpitude.

## I

Noel Ali Rodriguez–Herrera was admitted to the United States as a lawful permanent resident in September 1978. In May 1983, he was charged with two counts of malicious mischief in the second degree, and one count of malicious mischief in the third degree under RCW §§ 9A.48.080 and 9A.48.090. The information alleged that he and another individual damaged three automobiles. Rodriguez eventually pleaded guilty to one count of second degree malicious mischief. In May 1986, Rodriguez was charged with two counts of arson in the first degree in violation of RCW § 9A.48.020(1)(A), (1)(B), (1)(C).[2] He pleaded guilty to one of those counts.

In March of 1989, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Rodriguez–Herrera. The INS charged that Rodriguez–Herrera is deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1988), because he had been convicted of two crimes involving moral turpitude not involving a single scheme of criminal conduct. After a deportation hear-

ing, The Board of Immigration Appeals ("BIA") found Rodriguez–Herrera deportable as charged. After the BIA dismissed his appeal, he petitioned this court to review the BIA's decision that second degree malicious mischief is a crime involving moral turpitude.

## II

The Washington statute in question, RCW § 9A.48.080(1)(a), provides in relevant part:

(1) A person is guilty of malicious mischief in the second degree if he knowingly and maliciously:

(a) Causes physical damage to the property of another in an amount exceeding two hundred fifty dollars; . . . .

\* \* \* \* \* \*

(2) Malicious mischief in the second degree is a class C felony.[3]

Maliciously is defined in Section 9A.04.110(12), which provides:

"[m]alice" and "maliciously" shall import an evil intent, wish, or design to vex, annoy, or injure another person. Malice may be inferred from an act done in wilful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a wilful disregard of social duty.

To determine whether the Washington crime of malicious mischief is one that necessarily involves moral turpitude, we must determine whether malicious mischief necessarily involves an "act of baseness or depravity contrary to accepted moral standards." *See Grageda v. INS,* 12 F.3d 919, 921 (9th Cir. 1993) (quoting *Guerrero de Nodahl v. INS,* 407 F.2d 1405, 1406 (9th Cir.1969)). In answering this question, we must focus on the crime categorically as defined by the statute, and not on the specific conduct of Rodriguez–

---

\* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

1. After the passage of the Immigration Act of 1990, this section appears at 8 U.S.C. § 1251(a)(2)(A)(i).

2. That arson necessarily involves moral turpitude is undisputed.

3. Section 9A.20.020(1)(c) provides that a person committing a class C felony is punishable by up to five years in prison and/or a fine not more than $10,000.

Herrera. *Goldeshtein v. INS,* 8 F.3d 645, 647 (9th Cir.1993).[4]

■ For crimes like malicious mischief that are not of the gravest character, a requirement of fraud has ordinarily been required. *See e.g., Gonzalez–Alvarado v. INS,* 39 F.3d 245, 246 (9th Cir.1994) ("Typically, crimes of moral turpitude involve fraud."); *McNaughton v. INS,* 612 F.2d 457, 459 (9th Cir.1980) (conspiracy to affect stock price by fraudulent means with intent to defraud a crime of moral turpitude); *Winestock v. INS,* 576 F.2d 234, 235 (9th Cir.1978) (selling, transferring, and delivering counterfeit U.S. securities with intent to defraud crime of moral turpitude), *Goldeshtein,* 8 F.3d at 647 (structuring financial transactions to avoid currency reports *not* crime involving moral turpitude because no intent to defraud); *see also Jordan v. De George,* 341 U.S. 223, 227, 71 S.Ct. 703, 706, 95 L.Ed. 886 (1951) (citing with approval Second Circuit's statement that "fraud has ordinarily been the test to determine whether crimes not of the gravest character involve moral turpitude") (citing *United States ex rel Berlandi v. Reimer,* 113 F.2d 429 (2d Cir.1940)).

On the other hand, certain crimes necessarily involving rather grave acts of baseness or depravity may qualify as crimes of moral turpitude even though they have no element of fraud. Applying this standard we have found that spousal abuse, child abuse, first-degree incest, and having carnal knowledge of a 15 year old female, all involve moral turpitude. *See Grageda,* 12 F.3d at 921–22; *Guerrero de Nodahl,* 407 F.2d at 1406–07; *Gonzalez–Alvarado* 39 F.3d at 246–47; and *Bendel v. Nagle,* 17 F.2d 719 (9th Cir.1927).

■ By these standards, we conclude that the crime of malicious mischief as defined by the Washington statute does not rise to the level of either depravity or fraud that would qualify it as necessarily involving moral turpitude. In contrast to the bulk of other non-fraud crimes necessarily involving moral turpitude, malicious mischief is a relatively minor offense. Indeed, one can be convicted of malicious mischief for destroying as little as $250.00 of another's property with an evil wish to annoy. Moreover, malice can be inferred if the act is merely "wrongfully done without just cause or excuse." RCW § 9A.04.110(12). The Washington statute's reach thus extends to include pranksters with poor judgment. Consequently, unlike the crimes of spousal abuse, child abuse, first-degree incest, and carnal knowledge of a fifteen year old, malicious mischief does not necessarily involve an "act of baseness or depravity contrary to accepted moral standards." *Grageda* 12 F.3d at 921; *cf. Matter of N—,* 8 I & N Dec. 466, 468 (BIA 1959) (Delaware malicious mischief statute not a crime necessarily involving moral turpitude).[5] As for fraudulent intent, it is undisputed that Washington's malicious mischief statute includes no such element. We therefore conclude that malicious mischief, as defined by RCW § 9A.48.080, is not a crime necessarily involving moral turpitude.

■ The INS resists this conclusion, arguing that if a statute requires an "evil intent, wish, or design to vex, annoy, or injure another person," then the crime necessarily involves moral turpitude. We cannot accept this proposition. It is true that in the fraud context we have placed a great deal of weight on the requirement of an evil intent. But even in this context, we have not held that if a statute requires evil intent, it necessarily involves moral turpitude. We have held only that *without* an evil intent, a statute does *not* necessarily involve moral turpitude. *See Hirsch v. INS,* 308 F.2d 562, 567 (9th Cir. 1962) ("A crime that does not necessarily involve evil intent, such as an intent to defraud, is not necessarily a crime involving moral turpitude."). To state the proposition positively, we have held that in the fraud

---

4. Whether the Washington statute necessarily involves moral turpitude is a question of law and thus reviewed *de novo. Goldeshtein,* 8 F.3d at 647 n. 4.

5. We recognize that in *Morasch v. INS,* 363 F.2d 30, 31 (9th Cir.1966) we held that petty larceny under Oregon law in 1932 is a crime of moral turpitude. In our view, both petty larceny and Washington's malicious mischief are close cases that border the line of crimes that necessarily involve base acts contrary to accepted moral standards. In our judgment, though, malicious mischief is not necessarily base and thus does not cross that line.

context an evil intent is necessary, but not sufficient, for a crime inevitably to involve moral turpitude. *Cf. Gonzalez–Alvarado*, 39 F.3d at 246 (holding that "[a] crime involving the willful commission of a base or depraved act is a crime involving moral turpitude, whether or not the statute requires proof of evil intent.").

 While mental state is an important factor, we reject the contention that all crimes requiring some degree of evil intent are necessarily crimes involving moral turpitude. Here, for example, the Washington statute permits malice (which imports an evil intent) to "be inferred from an act done in wilful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a wilful disregard of social duty." RCW § 9A.04.110(12). Under this definition, evil intent may become much too attenuated to imbue the crime with the character of fraud or depravity that we have associated with moral turpitude. At least outside of the fraud context,[6] the bare presence of some degree of evil intent is not enough to convert a crime that is not serious into one of moral turpitude leading to deportation under section 241(a)(4) of the Immigration and Nationality Act.

### III

Because Rodriguez–Herrera was not convicted of a crime involving moral turpitude, he is not deportable under 8 U.S.C. § 1251(a)(4). Accordingly, we reverse the BIA's decision.

**PETITION FOR REVIEW GRANTED; DECISION OF THE BOARD OF IMMIGRATION APPEALS REVERSED.**

---

[6]. We express no opinion as to whether evil intent is sufficient for a crime to involve moral turpitude in the fraud context.