**Joey Domondon ANDRES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71830.**

**Agency No. A45–775–660.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 28, 2004.

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Ann Carroll Varnon, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Joey Domondon Andres petitions for review of the order directing his removal to the Philippines. We deny the petition.

An alien enjoying lawful permanent residence status who

(I) is convicted of a crime involving moral turpitude committed within five years ... after the date of admission, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.

8 U.S.C. § 1227(a)(2)(A)(i).

In this case, Andres was convicted of a charge that was properly deemed a crime involving moral turpitude. *See Rodriguez–Herrera v. INS*, 52 F.3d 238, 240 (9th Cir.1995); *see also Vigue v. Alaska*, 987 P.2d 204, 210 (Alaska Ct.App.1999). He did so within five years of the date of his admission into the country. That crime was punishable by one year or more of incarceration. *See* Alaska Stat.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 11.56.610(b). Accordingly, Andres is deportable under 8 U.S.C § 1227(a)(2)(A)(i).

**PETITION DENIED**

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.