MEMORANDUM *
Armando Caballes Pinzón petitions for judicial review of a decision by the Bureau of Immigration Appeals (“BIA”) affirming the immigration judge’s decision to deny Pinzon’s request to terminate removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) and we deny the petition.
We review de novo the BIA’s determination of purely legal questions regarding the Immigration and Nationality Act, giving deference to the BIA’s interpretation unless that interpretation is contrary to the plain and sensible meaning of the statute. Simeonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir.2004). We also review de novo claims of due process violations in immigration proceedings, id., and we review de novo the question of whether a state statutory crime constitutes a crime involving moral turpitude, Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1017 (9th Cir. 2005).

The Due Process Claim

Pinzón claims that the BIA denied him due process by failing to provide him with a full and fair hearing. In particular, he claims that the BIA treated the section 212(c) issue as the sole issue on appeal and failed to address the issue of inadmissibility. His claim is baseless. In its February 27, 2004 decision, the BIA addressed all of the issues Pinzón raised on appeal, not just the section 212(c) issue. In footnote 1 of its opinion, the BIA held that the “record reveals no basis for this Board to conclude that any basis exists for termination of proceedings.” Thus, the BIA addressed all of the issues on appeal, including Pinzon’s arguments that removal proceedings should be terminated because he was not an arriving alien and was admissible.

Inadmissibility

Pinzón contends that his removal order is based on two errors: 1) the conclusion that, even though he is a legal permanent resident, he was an alien seeking admission when he returned to the United States; and 2) the conclusion that he was inadmissible because his conviction for criminal sexual conduct was a conviction for a crime involving moral turpitude. There is no merit to these contentions.
The current version of 8 U.S.C. § 1101(a)(13)(C), which was in effect at the time that Pinzón returned to the United States in 2001, provides:
An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien— (v) has committed an offense identified in section 1182(a)(2) of this title, unless since such offense the alien has been *913 granted relief under section 1182(h) or 1229b(a) of this title.
With certain limited exceptions not relevant here, 8 U.S.C. § 1182(a)(2)(A)(i)(I) makes inadmissible “any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.”
As a result of these statutory provisions, if a legal permanent resident returning to the United States has committed a crime involving moral turpitude prohibited by section 1182, that alien is seeking admission to the United States and is inadmissible. See Matter of Collado-Munoz, 21 I. & N. Dec. 1061, 1064 (BIA 1998).[1]
In determining whether a conviction is for a crime involving moral turpitude, we apply the categorical and modified categorical approaches established by the Supreme Court in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1017 (9th Cir.2005). We must begin with the categorical approach. Id. Under the categorical approach, we compare the elements of the relevant statute of conviction to the definition of a crime involving moral turpitude and decide whether the full range of conduct encompassed by the criminal statute constitutes a crime of moral turpitude. Id. We look only to the fact of the conviction and the statutory definition of the crime, not to the particular facts underlying the crime. Id. Thus, in determining whether Pinzón was convicted of a crime involving moral turpitude, we may not consider any testimony or admissions Pinzón made to the immigration judge or to immigration officials when he returned to the United States.
Applying the categorical approach, we hold that Pinzon’s conviction is a conviction involving moral turpitude. In the context of this case:
Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude.
Matter of Fualaau, 21 I. & N. Dec. 475, 477 (BIA 1996) (internal citations omitted); see also Cuevas-Gaspar, 430 F.3d at 1018.
Pinzón pled guilty to violating 9 G.C.A. § 25.30(a)(1), which provides that a “person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if ... force or coercion is used to accomplish the sexual contact.” Not all sexual crimes are considered crimes of moral turpitude, especially if the sexual conduct affects only consenting adults. See, e.g., Matter of R-, 6 I. & N. Dec. 444, 451-55 (BIA 1954) (holding that conviction for simple fornication was not crime involving moral turpitude). However, when the illegal sexual conduct forming the basis of the offense is not consensual, courts usually consider the crime to be one involving moral turpitude. See, e.g., Maghsoudi v. INS, 181 F.3d 8, 15 (1st Cir.1999) (based on lack of consent, *914 conviction for indecent assault was a crime involving moral turpitude); United States v. Kiang, 175 F.Supp.2d 942, 949-52 (E.D.Mich.2001) (conviction for fourth degree sexual assault, using force or coercion to accomplish sexual contact,was a conviction for crime involving moral turpitude); Matter of S-, 5 I. & N. Dec. 686 (BIA 1954) (conviction for indecent assault was a conviction involving moral turpitude). To be considered a crime involving moral turpitude, the sexual conduct does not have to involve rape, attempted rape, or intended rape. See id.
Pinzón was convicted of criminal sexual conduct in the fourth degree because he engaged in sexual contact through force or coercion. Thus, even ignoring the age of Pinzon’s victim, Pinzón was convicted of a crime involving moral turpitude.
Pinzón argues that he was not convicted of a crime involving moral turpitude because the Guam statute does not require lewd and lascivious intent. Thus, he suggests that forced sexual contact motivated by a desire to harass or degrade the victim or to entertain oneself would not be a crime involving moral turpitude. Pinzón cites no cases requiring that there be a motive of sexual gratification in order for sexual assault to be considered a crime involving moral turpitude. In Kiang, where the statute was nearly identical to the one at issue here, there was not an element of lewd and lascivious intent or any element regarding motive, yet the court still considered the conviction to be one involving moral turpitude. An evil motive does not have to be an explicit element of the crime when the alien wilfully committed an act that is implicitly a vile act. See Gonzalez-Alvarado v. INS, 39 F.3d 245, 246 (9th Cir.1994); Grageda v. INS, 12 F.3d 919, 922 (9th Cir.1993); Guerrero de Nodahl v. INS, 407 F.2d 1405, 1406-7 (9th Cir.1969). Forced or coerced sexual contact is a vile act contrary to accepted moral standards regardless of the motive. Since Pinzón was convicted of using force or coercion to accomplish sexual contact, he was convicted of a crime involving moral turpitude. Therefore, when he was returning to the United States, he was seeking admission and was inadmissible.
The petition for review is DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. However, even if Pinzón had never left the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A), Pinzón still would be subject to removal for being convicted of committing a crime involving moral turpitude within five years of his earlier admission to the United States. See 8 U.S.C. § 1227(a)(2)(A) (providing that any alien convicted of committing a crime involving moral turpitude within five years of the date of admission is deportable if a sentence of one year or more may be imposed for the conviction).