**Gursharan Singh PANNU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70422.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Decided Aug. 4, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas Fatouros, Stephen J. Flynn, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, SILVERMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The full range of conduct encompassed by California's indecent exposure statute,

tion and may not be cited to or by the courts

Cal.Penal Code § 314, does not constitute a categorical crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir.2005); *cf. Rodriguez–Herrera v. INS,* 52 F.3d 238, 240 (9th Cir.1995) (listing examples of crimes that we have found "involve moral turpitude.") (citations omitted). For example, to be convicted of indecent exposure under California Penal Code § 314, "there is no ... requirement that [a] person actually must have seen the defendant's genitals." *People v. Carbajal,* 114 Cal.App.4th 978, 986, 8 Cal.Rptr.3d 206 (2003).

Accordingly, we grant the petition for review and remand to allow the Board of Immigration Appeals to apply the modified categorical approach or to consider whether the failure to register as a sex offender under California Penal Code § 290(g)(1) is a crime of moral turpitude. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also United States v. Hernandez–Castellanos,* 287 F.3d 876, 881 (9th Cir.2002).

**PETITION GRANTED; REMANDED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

