# In re Hugo Yahir TOBAR-LOBO, Respondent

File A45 917 226 - San Francisco

*Decided April 23, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Willful failure to register by a sex offender who has been previously apprised of the obligation to register, in violation of section 290(g)(1) of the California Penal Code, is a crime involving moral turpitude.

FOR RESPONDENT: George Yamasaki, Jr., Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Deborah K. Goodwin, Assistant Chief Counsel

BEFORE: Board Panel: COLE, and PAULEY, Board Members. Dissenting Opinion: FILPPU, Board Member.

PAULEY, Board Member:

In a decision dated June 2, 2006, an Immigration Judge terminated removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador who was admitted to the United States as an immigrant in September 1997. On April 20, 2006, he was served with a Notice to Appear (Form I-862) charging him with removability under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2000), as an alien convicted of two or more crimes involving moral turpitude. This charge was based on the respondent's February 5, 1998, conviction for failure to register as a sex offender in violation of section 290(g)(1) of the California Penal Code and his subsequent conviction on May 1, 2003, for grand theft in violation of sections 484 and 487 of the California Penal Code.[1] In terminating proceedings, the Immigration Judge concluded that the level of evil intent needed to find that

---

[1] The question whether the respondent's grand theft offense constitutes a crime involving moral turpitude is not at issue in this appeal.

a crime involves moral turpitude was not required to convict the respondent of failure to register as a sex offender under section 290(g)(1) of the California Penal Code. On appeal, the DHS argues that the statute at issue requires a "willful" failure to register, which implies the convicted sex offender's knowing or intentional disregard of his duty to notify law enforcement authorities of his whereabouts. The DHS therefore contends that the respondent's offense is a crime involving moral turpitude and that he is removable as charged.

## II.  ANALYSIS

The DHS bears the burden of proving, by clear and convincing evidence, that the respondent's failure to register as a sex offender constitutes a crime involving moral turpitude. *Woodby v. INS*, 385 U.S. 276 (1966). We have observed that the definition of a crime involving moral turpitude is nebulous. *Matter of Lopez-Meza*, 22 I&N Dec. 1188 (BIA 1999); *Matter of Ajami*, 22 I&N Dec. 949 (BIA 1999). Moral turpitude refers generally to conduct that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *See Matter of Lopez-Meza*, *supra*, at 1192; *see also Rodriquez-Herrera v. INS*, 52 F.3d 238 (9th Cir. 1995); *Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995); *Matter of Short*, 20 I&N Dec. 136, 139 (BIA 1989); *Matter of Danesh*, 19 I&N Dec. 669, 670 (BIA 1988); *Matter of Flores*, 17 I&N Dec. 225, 227 (BIA 1980). Under this standard, the nature of a crime is measured against contemporary moral standards and may be susceptible to change based on the prevailing views in society. *See Matter of Lopez-Meza*, *supra*, at 1192.

In deciding whether a crime involves moral turpitude, we must examine the statute itself to determine whether the inherent nature of the crime involves moral turpitude. *See Matter of Short*, *supra*; *see also Rodriguez-Herrera v. INS*, *supra*; *Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979). Under the "categorical approach," which we will utilize here, we look not to whether the "'actual conduct constitutes a crime involving moral turpitude, but rather, whether the full range of conduct encompassed by the statute constitutes a crime of moral turpitude.'" *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir. 2006) (quoting *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005)); *see also Morales v. Gonzales*, 478 F.3d 972 (9th Cir. 2007).[2]

Section 290(g)(1) of the California Penal Code provides that a person is guilty of a misdemeanor if he or she "is required to register" as a sex offender

---

[2] Assuming we were to agree that the statute is divisible, the record of conviction contains nothing from which we could determine whether, under a modified categorical approach, the respondent's offense was a crime involving moral turpitude.

and "willfully violates" that requirement.[3]  In order to be convicted under the statute, a defendant must have had actual knowledge of the registration requirement and willfully failed to register.  *People v. Poslof*, 24 Cal. Rptr. 3d 262 (Cal. Ct. App. 2005).  However, the statute is broad and has been interpreted by the California courts to include instances in which an individual has failed to register as a result of forgetfulness.  *See People v. Barker*, 96 P.3d 507 (Cal. 2004) (finding that forgetting to register after having knowledge of the requirement is no defense to a charge of violating section 290(g)(1)); *People v. Cox*, 115 Cal. Rptr. 2d 123 (Cal. Ct. App. 2002).[4]  The respondent argues that forgetful or dilatory conduct does not evidence the type of "evil intent" usually considered to be turpitudinous.  He therefore contends that the breadth of the statutory language requires a finding that his conviction is not for a crime involving moral turpitude under our precedent and that of the controlling circuit, the United States Court of Appeals for the Ninth Circuit.

Although the term crime involving moral turpitude has "'without exception been construed to embrace fraudulent conduct,'" acts of baseness or depravity may qualify as crimes involving moral turpitude in the absence of an element of fraud.  *Cuevas-Gaspar v. Gonzales*, *supra*, at 1018 (quoting *Jordan v. DeGeorge*, 341 U.S. 223, 232 (1951)).  The Ninth Circuit has found that criminal activity involving the "willful commission of a base or depraved act," is turpitudinous "whether or not the statute requires proof of evil intent." *Gonzalez-Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir. 1994) (incest). Offenses such as statutory rape, child abuse, and spousal abuse have been considered to be categorically turpitudinous crimes.  *See id.* at 246 (citing *Grageda v. U.S. INS*, 12 F.3d 919, 921 (9th Cir. 1993) (spousal abuse); *Guerrero de Nodahl v. INS*, 407 F.2d 1405, 1406-07 (9th Cir. 1969) (child abuse ); *Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir. 1927) (statutory rape)). For the following reasons, we conclude that the instant offense falls into this category.

As noted, contemporary moral standards play a significant role in determining, at a given time, what crimes involve moral turpitude.  In recent years, outrage over sexual crimes–particularly those targeting children–has led to the enactment of some form of sex offender registration

---

[3]  The statute provides as follows:

> Any person who is required to register under this section based on a misdemeanor conviction or juvenile adjudication who willfully violates any requirement of this section is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding one year.

[4]  The California Supreme Court later held that forgetfulness resulting from an acute mental condition could suffice to negate the requisite mental state.  *People v. Sorden*, 113 P.3d 565 Cal. 2005) (finding, however, that depression was not such an acute mental condition).

statute in every state and at the Federal level.[5]  It is therefore somewhat surprising that no reported decision of a state or Federal court appears to have addressed the question whether failure to register as a sex offender is a crime involving moral turpitude.

A principal purpose of the statute is to safeguard children and other citizens from exposure to danger from convicted sex offenders, a high percentage of whom are recidivists.  Given the serious risk involved in a violation of the duty owed by this class of offenders to society, we find that the crime is inherently base or vile and therefore meets the criteria for a crime involving moral turpitude.  *See Barrows v. Municipal Court*, 464 P.2d 483, 486 (Cal. 1970) ("The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.").

The dissenting opinion, in line with the finding of the Immigration Judge, concludes that notwithstanding the statute's requirement that the failure to register be "willful," and despite the recognition that some acts of willful failure to register may be turpitudinous, the statutory offense is not categorically a crime involving moral turpitude because it includes instances in which an individual, having been earlier advised of the duty to register, forgets to register.  *Cf. Fernandez-Ruiz v. Gonzales*, *supra*.  We disagree. Some obligations, once imparted by proper notification, are simply too important not to heed.  That is, even if "forgotten," an offense based on a failure to fulfill the offender's duty to register contravenes social mores to such an extent that it is appropriately deemed turpitudinous.[6]  In our view, a willful failure to register by a sex offender who has been previously apprised

---

[5]    *See* Wayne A. Logan, *Horizontal Federalism in an Age of Criminal Justice Interconnectedness*, 154 U. Pa. L. Rev. 257, 280-81 (2005) (describing sex offender registration laws in all jurisdictions of the United States for those convicted of criminal offenses against victims who are minors and those convicted of a "sexually violent offense"); *see also* Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Pub. L. No. 103-322, § 170101, 108 Stat. 1796, 2038 (1994) (codified as amended at 42 U.S.C. § 14071 (2000)) (defining sex offender registration procedures for the states); Megan's Law, Pub. L. No. 104-145, 110 Stat. 1345 (1996) (amending 42 U.S.C. § 14071(d)) (requiring states to adopt community notification for offenders covered by the Wetterling Act); 42 U.S.C. § 14071(g)(2)(A) (2000) (withholding funds from states without such laws).

[6]   Analogous behavior might be a form of child abuse in which the offender forgot over a protracted period to feed or provide needed medicine to children entrusted to his sole care. *See* 18 U.S.C. §§ 3509(a)(3), (11) (2000) (defining "child abuse"); *see also* section 237(a)(2)(E) of the Act (providing for the removal of an alien convicted of a "crime of child abuse").  These types of failures also put at risk of harm persons whom the offender has a duty to protect.  *Cf. Knapik v. Ashcroft*, 384 F.3d 84 (3d Cir. 2004) (finding that reckless endangerment is a crime involving moral turpitude), *cited with approval in Fernandez-Ruiz v. Gonzales*, *supra*.

of his obligation to register implicitly involves evil intent, even if the obligation may have been "forgotten."[7] *See Gonzalez-Alvarado v. INS*, *supra*.

We further note that regulatory offenses, of which the instant crime is one, are not generally considered turpitudinous. *See, e.g.*, *Matter of L-V-C-*, 22 I&N Dec. 594 (BIA 1999) (finding that structuring currency transactions to evade reporting requirements is not a crime involving moral turpitude). However, the regulatory nature of this offense does not foreclose its status as a crime involving moral turpitude. The Ninth Circuit has implicitly found, for example, that the regulatory offense of driving while under the influence is a crime involving moral turpitude. The court deemed such conduct, which similarly creates a danger to others and may not involve a consciously evil intent because of the offender's drunkenness, to be "despicable." *Hernandez-Martinez v. Ashcroft*, 329 F.3d 1117, 1119 (9th Cir. 2003). A convicted sex offender's failure to obey the lawful requirement to register with appropriate authorities so that others may become aware of the potential danger posed by such an offender is also "despicable" and an equal or greater breach of the duty owed to society. Accordingly, the appeal is sustained and the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*DISSENTING OPINION:*  Lauri Steven Filppu, Board Member

I respectfully dissent. There is no question that sexual predators of all types wreak havoc on the lives of their victims, particularly where the victims of those crimes are children. *See, e.g.*, 151 Cong. Rec. H8074 (daily ed. Sept. 15, 2005) (statement of Rep. Poe discussing continued harm to child victims of sexual abuse following passage of the Child Safety Act), 2005 WL 2237894; Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26 (1996) (codified as amended at 18 U.S.C. § 2251 (2000)). Given the nature of the harm and the risk of recidivism, states and the Federal Government require those convicted of certain crimes of a sexual nature to register vital information such as their current address. *See* Patricia L. Petrucelli, *Megan's Law: Branding the Sex Offender or Benefitting the Community?*, 5 Seton Hall

---

[7]   We note that the offense of violating any requirement under section 290(g) of the California Penal Code is expressly made a "continuing" one under section 290(g)(8). Thus, it is not like a one-time failure to remember an anniversary or dinner engagement. An offender's offense under section 290(g) resulting from "forgetfulness" could therefore extend indefinitely.

Const. L.J. 1127 (1995). This rigorous oversight has come out of relatively recent efforts aimed at protecting society from these sorts of crimes. *Id.* In fact, Congress has recently amended the Immigration and Nationality Act to classify as deportable any alien convicted under 18 U.S.C. § 2250 for failing to register as a sex offender. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 401, 120 Stat. 587, 622 (to be codified at section 237(a)(2)(A)(v) of the Act, 8 U.S.C. § 1227(a)(2)(A)(v)).[8]

In view of these evolving community concerns, the majority is certainly reasonable in assessing the respondent's conviction through the lens of contemporary moral standards. I disagree, however, that such standards can supplant our long-standing approach to determining whether a crime involves moral turpitude. Rather, contemporary standards must be appropriately weighed within the context of our well-established framework for assessing questions of this sort. Hence, where, as here, there are no conviction documents that reflect the precise nature of the conduct for which the respondent was convicted, we must "tak[e] the statute at its minimum," that is, we examine whether the least culpable conduct that would result in a conviction involves moral turpitude. *Matter of N-*, 8 I&N Dec. 466, 468 (BIA 1959).

As the majority states, to be convicted a defendant must have had actual knowledge of the registration requirement and willfully failed to register. *People v. Poslof*, 24 Cal.Rptr.3d 262 (Cal. Ct. App. 2005). Yet the presence of willful conduct alone does not mean that a crime is turpitudinous. Rather, "it is *the combination* of the base or depraved act *and* the willfulness of the action that makes [a] crime one of moral turpitude." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165 (9th Cir. 2006) (quoting *Grageda v. U.S. INS*, 12 F.3d 919, 922 (9th Cir. 1993)).

The statute is extraordinarily broad. As interpreted by the California courts, it includes instances in which an individual fails to register for reasons that do not involve evil intent or a corrupt mind. *See, e.g.*, *People v. Barker*, 96 P.3d 507 (Cal. 2004). Among those with the least culpable conduct necessary for a conviction would be a defendant who was previously advised of the requirement to register, who had not moved since the last annual registration, but who simply forgot to reregister within 5 days of his or her last birthday,

---

[8] Congress's decision to amend the Act to classify a Federal conviction for failure to register as a sex offender as a deportable offense does not impact the separate analysis to determine whether such an offense is also a crime involving moral turpitude. For example, an alien convicted of violating a law relating to a controlled substance who is deportable under section 237(a)(2)(B) of the Act may or may not also be removable as an alien convicted of a crime involving moral turpitude depending on, inter alia, the alien's mens rea in committing the underlying crime. *See Matter of Khourn*, 21 I&N Dec. 1041 (BIA 1997); *Matter of Serna*, 20 I&N Dec. 579 (BIA 1992); *Matter of Abreu-Semino*, 12 I&N Dec. 775 (BIA 1968).

as required under the statute. *See People v. Moss*, 120 P.3d 1050 (Cal. 2005) (vacating a court of appeals decision in light of *People v. Barker*, *supra*, which the appellate court subsequently found in an unpublished order required the rejection of a forgetfulness defense for a defendant who went to the police department 6 working days late to update his registration); *see also People v. Cox*, 115 Cal. Rptr. 2d 123 (Cal. Ct. App. 2002); section 290(a)(1)(D) of the California Penal Code. No harm to any person need be shown, nor any intent to cause harm, nor even a level of deviousness.

As the majority acknowledges, the California statute at issue is a "regulatory offense." Such regulatory crimes have traditionally been viewed as lacking the baseness or evil intent needed to find moral turpitude. *Matter of L-V-C-*, 22 I&N Dec. 594 (BIA 1999). Nevertheless, the majority says that the registration requirement is simply "too important not to heed," and it relies on statutory rape, child abuse, and spouse abuse cases as examples of "categorically turpitudinous" crimes that do not require an "evil intent." *Matter of Tobar-Lobo*, 24 I&N Dec. 143, 145-46 (BIA 2007). But the offenses cited by the majority as categorically turpitudinous all have the goal of protecting vulnerable classes of citizens who are both directly and personally the victims of those crimes. *See Grageda v. U.S. INS*, 12 F.3d 919, 921 (9th Cir. 1993) (spousal abuse); *Guerrero de Nodahl v. INS*, 407 F.2d 1405, 1406-07 (9th Cir. 1969) (child abuse); *Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir. 1927) (statutory rape). No persons are directly and personally victimized solely through the simple forgetfulness of a sex offender who is a few days late in updating a prior registration.

The majority also places weight on the fact that the respondent has violated a duty owed to society and to other residents who are concerned about the presence of sex offenders in their communities. In one sense, the breach of any and every law can be said to violate the duties owed between persons or to society in general. Although our case law is sparse in its focus on this particular point, I believe the broad body of that case law looks to the actual harm entailed by the commission of a crime, or the nature of the culpable mental state associated with it, in determining whether the "violation of the duty" to others or to society in general is of sufficient consequence that the crime should be treated as turpitudinous. Here, neither the level of harm arising from the failure to register, by itself, nor the mental state required for such a violation, points toward the majority's finding.

No matter how repugnant we find "sex offenders" as a group, as well as the offenses that trigger the registration requirement, California has cast a wide net in the registration statute itself, excluding any maliciousness, let alone a more specific "evil intent," from the elements necessary to establish a violation. Because California has decided to criminalize the conduct of those who fail to register as sex offenders regardless of their maliciousness, or evil intent, or even the harm arising from the offense itself, I would find that the

respondent's violation of section 290(g)(1) of the California Penal Code has not been shown to involve moral turpitude.