O’BRIEN, Circuit Judge,
concurring in the result.
Moral turpitude? Sexual abuse, particularly child sexual abuse, is universally condemned by Americans of conscience,[1] not merely because it is wrong but because its evil tendrils are detrimental to society.[2]
*927 Accountability. Attempts to commit a crime are often themselves criminal[3] and sometimes subject to punishments nearly as harsh as those permitted for the principal crime. While perhaps not, by themselves, punishable as attempts, grooming and stalking behaviors are incipient attempts, as inherently vile as actionable ones.
Grooming- — patient, calculated, surreptitious and applied behavior modification leading a child to accept, or not report, inappropriate sexual contact. It usually consists of cultivating a child’s trust and gradually, perhaps imperceptibly, conditioning the child to abandon lessons learned at the knee of a caring adult.
Stalking. Like all predators the pedophile generally stalks prey in likely locations — schools, playgrounds, libraries, malls, even churches. But the predator is always alert to targets of opportunity wherever they might be found. The victim, while not always pre-identified, is always identifiable as vulnerable, particularly to one with carefully honed skills.
Sex offender registration drives predators from the tangles and tall grasses into the open. Doing so empowers the guardians and protectors of the naive and fragile — the most vulnerable of our kind. Sex offender registration is unlike vehicle registration; the difference is one of kind, not merely degree. The BIA is correct “some obligations ... are simply too important not to heed.” In re Tobar-Lobo, 24 I. & N. Dec. 143, 146-147 (BIA 2007).
A sex offender who fails or refuses to register, with intent to avoid the prophylactic purposes of the registration statutes, commits an act akin to grooming or stalking. Because the ultimate purpose is to facilitate the exploitation of another child, it is not merely wrong and possibly illegal, but inherently corrupt; insidious and wicked. Moral turpitude!
I join in the result reached by the majority because the Colorado sex offender registration statute, Colo.Rev.Stat. § 18-3-412.5, treats as alike conduct ranging from merely negligent to intentional to malicious. And because of the constraints (the categorical approach) imposed upon our ability to consider the facts of prior convictions. Had the Colorado statute singled out conduct (failure to register) accompanied by malignant intent my vote would be different.
Addendum I
Efagene was originally charged in Arapahoe County, Colorado, with four counts: (1) Sexual penetration [apparently of an adult] with submission caused by use of a handgun or an item credibly presented to be a handgun. See Colo.Rev.Stat. § 18-3-402(l)(a), (5)(a)(III); (2) Unlawful Sexual Contact with submission caused by the application of physical force or violence. See Colo.Rev.Stat. §§ 18-3-404(l)(a), (2) and 18-3-402(4)(a); (3) Menacing by the use of a handgun or an item credibly presented to be a handgun. See Colo.Rev. Stat. § 18-3-206; and (4) Crime of Violence — the use of a handgun in connection with a sexual assault. See Colo.Rev.Stat. § 18-1.3-406(2)(a)(I)(A). Pursuant to a plea agreement he pled to one count of Unlawful Sexual Contact in violation of Colo.Rev.Stat. § 18-3-404(l)(a) and was sentenced to time served, 364 days.
Colo.Rev.Stat. § 18-3-404, Unlawful Sexual Contact, relates to both adults and children. It provides:
(1) Any actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if:
*928 (a) The actor knows that the victim does not consent; or
(b) The actor knows that the victim is incapable of appraising the nature of the victim’s conduct; or
(c) The victim is physically helpless and the actor knows that the victim is physically helpless and the victim has not consented; or
(d) The actor has substantially impaired the victim’s power to appraise or control the victim’s conduct by employing, without the victim’s consent, any drug, intoxicant, or other means for the purpose of causing submission; or
(e) Repealed by Laws 1990, H.B.90-1133, § 25, eff. July 1,1990.
(f) The victim is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over the victim and uses this position of authority, unless incident to a lawful search, to coerce the victim to submit; or
(g) The actor engages in treatment or examination of a victim for other than bona ■ fide medical purposes or in a manner substantially inconsistent with reasonable medical practices.
(1.5) Amy person who knowingly, with or without sexual contact, induces or coerces a child by any of the means set forth in section 18-8-402 to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor’s own sexual gratification, commits unlawful sexual contact. For the purposes . of this subsection (1.5), the term “child” means any person under the age of eighteen years.
(1.7)(a) Any person who knowingly observes or takes a photograph of another person’s intimate parts without that person’s consent, in a situation where the person observed has a reasonable expectation of privacy, for the purpose of the observer’s own sexual gratification, commits unlawful sexual contact. For purposes of this subsection (1.7), “photograph” includes any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material,
(b) This subsection (1.7) is repealed, effective July 1, 2012.
(2) (a) Unlawful sexual contact is a class 1 misdemeanor and is an extraordinary risk crime that is subject to the modified sentencing range specified in section 18-1.3-501(3).
(b) Notwithstanding the provisions of paragraph (a) of this subsection (2), unlawful sexual contact is a class 4 felony if the actor compels the victim to submit by use of such force, intimidation, or threat as specified in section 18-3-402(4)(a), (4)(b), or (4)(c) or if the actor engages in the conduct described in paragraph (g) of subsection (1) of this section or subsection (1.5) of this section.
(3) If a defendant is convicted of the class 4 felony of unlawful sexual contact pursuant to paragraph (b) of subsection (2) of this section, the court shall sentence the defendant in accordance with the provisions of section 18-1.3-406; except that this subsection (3) shall not apply if the actor engages in the conduct *929 described in paragraph (g) of subsection (1) of this section.
Addendum II
18 U.S.C. § 1201(d) (“Whoever attempts to violate [§ 1201](a) [kidnapping] shall be punished by imprisonment for not more than twenty years.”).
Colo.Rev.Stat. § 18-2-101(1) (“A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor’s purpose to complete the commission of the offense.”)
Kan. Stat. Ann. § 21-5301(a) (“An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.”)
Wyo. Stat. Ann. § 6-l-301(a) (“A person is guilty of an attempt to commit a crime if: (i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A ‘substantial step’ is conduct which is strongly corroborative of the firmness of the person’s intention to complete the commission of the crime; or (ii) He intentionally engages in conduct which would constitute the crime had the attendant circumstances been as the person believes them to be.”)

. NAMBLA and its ilk notwithstanding; "The North American Man/Boy Love Association (NAMBLA) is a pedophile and pederasty advocacy organization in the United States that works to abolish age of consent laws criminalizing adult sexual contact with minors.” http://en.wikipedia.org/wiki/North-AmericanMan/BoyJLove-Association. Last visited April 13, 2011.

. This case does not involve a child (see Addendum I). I speak to a worst case scenario because any suggestion that sex offender registration laws cannot, by definition, be crimes of moral turpitude impacts registration requirements for child sexual abusers. In my view, all such registration laws can be crimes of moral turpitude if they contain a necessary and appropriate element of intent.

. See Addendum II for examples.