**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0630n.06

No. 12-4393

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 03, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MOHAMED MUSSA BUSHRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW |
| ERIC H. HOLDER, JR., Attorney General, | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| Respondent. | ) | APPEALS |
| | ) | |

BEFORE:  KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Mohamed Mussa Bushra, a native of Ethiopia, petitions through counsel for review of a decision by the Board of Immigration Appeals (BIA) finding him removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having committed two crimes involving moral turpitude.

Bushra entered this country in 2001 with his wife and children, as refugees.  Bushra and his wife claimed to have been persecuted in Ethiopia for supporting the Oromo Liberation Front, an anti-government organization.  They fled Ethiopia to Kenya, where they lived as refugees for several years before being granted admission to the United States.  In 2005, Bushra was granted legal permanent residence status.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

In 2002, Bushra was convicted of fourth-degree criminal sexual conduct, which he admits is a crime involving moral turpitude. In 2011, he was convicted of willful failure to comply with sex offender registration requirements and possession with intent to deliver property with a counterfeit mark, *i.e.*, counterfeit Nike shoes. He was placed in removal proceedings and applied for relief in the form of withholding of removal and protection under the Convention Against Torture (CAT). An immigration judge (IJ) concluded that both of Bushra's new convictions constituted crimes involving moral turpitude. He was denied the relief of withholding or protection under the CAT on the grounds that he was ineligible because he was a member of a terrorist organization and because his testimony was found not credible. In his petition for review, Bushra challenges only the finding that he is removable for having been convicted of two crimes involving moral turpitude, contending that neither failure to register as a sex offender nor delivery of property with a counterfeit mark involves moral turpitude.

We have jurisdiction to review the order of removal in this case because Bushra is raising a question of law. *See Ruiz-Lopez v. Holder*, 682 F.3d 513, 516 (6th Cir. 2012). The BIA's legal interpretation of what criminal acts involve moral turpitude must be upheld unless it is arbitrary, capricious, or manifestly contrary to the statute. *Id.* The BIA applied a categorical analysis, under which Bushra's conduct was not examined, but only the inherent nature of the crimes of which he was convicted, as defined by statute and interpreted by the courts.

The only challenge Bushra raises before us is that he did not commit crimes of moral turpitude because he lacked the necessary scienter due to his being barely literate. He argues that he did not understand the sex offender reporting requirements or the law concerning counterfeit

goods. It is true that crimes involving moral turpitude generally include those in which knowledge is an element of the statute. *See Michel v. INS*, 206 F.3d 253, 263 (2d Cir. 2000). The BIA reasoned that Michigan Compiled Laws § 28.729(1)(a) criminalizes willful failure to register as a sex offender, and found persuasive an earlier case holding California's statute criminalizing failure to register as a sex offender to be a crime involving moral turpitude because it contained an element of willfulness. *See Matter of Tobar-Lobo*, 24 I. & N. Dec. 143, 144–47 (BIA 2007). Similarly, crimes involving fraud have generally been considered to involve moral turpitude because they include the element of scienter. *See Yeremin v. Holder*, 707 F.3d 616, 622 (6th Cir. 2013). The BIA found the delivery of property with a counterfeit mark to be a crime of moral turpitude under this analysis. The BIA is entitled to rely on the fact of his convictions as evidence that he was guilty of all elements of the offenses, including the willfulness or scienter elements; Bushra may not challenge the moral turpitude finding on the basis of facts that were necessary to his prior convictions. *Id*. Because the only argument Bushra raises is not properly before the court, the finding that he is removable on the basis of at least two convictions of crimes involving moral turpitude cannot be disturbed. Accordingly, the petition for review is denied.