NIEMEYER, Circuit Judge, dissenting:
The Immigration Judge's order removing Maricela Martinez to Mexico was based on Martinez's three convictions for theft in violation of Maryland Code, Criminal Law § 7-104. The Immigration Judge concluded that Maryland's theft offense categorically qualifies as a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I), thereby rendering Martinez ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). The Board of Immigration Appeals ("BIA") affirmed.
The majority vacates the BIA's decision, concluding that § 7-104 allows for a conviction based on "joyriding" and that it therefore does not categorically qualify as a "crime involving moral turpitude" under the BIA precedent interpreting that term. In reaching this conclusion, the majority speculates, without the benefit of any Maryland case law, that the Maryland theft law could, by its terms, be applied to punish joyriding as the theft of an automobile. This approach, however, violates the Supreme Court's standard for applying the categorical approach.
The applicable statute denies relief from an order of removal when the alien has been "convicted of ... a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I) ; id . § 1229b(b)(1)(c). In the abstract, crimes involving moral turpitude "encompass[ ] 'conduct that not only violates a statute but also independently violates a moral norm.' " Uribe v. Sessions , 855 F.3d 622, 625 (4th Cir. 2017) (quoting Mohamed v. Holder , 769 F.3d 885, 888 (4th Cir. 2014) ). The BIA has concluded, as relevant here, that a theft offense is a crime of moral turpitude if the offender must have intended "to deprive the owner of his property either permanently or under circumstances *664 where the owner's property rights are substantially eroded." Matter of Diaz-Lizarraga , 26 I&N Dec. 847, 853 (BIA 2016). It explained, "We continue to believe that it is appropriate to distinguish between substantial and de minimis takings when evaluating whether theft offenses involve moral turpitude." Id . at 851. But by "de minimis takings," the BIA was not referring to the stealing of property with a de minimis value. Rather, in pointing to examples of takings that are de minimis and do not involve moral turpitude, the BIA referred to "joyriding or 'borrowing' a Victrola [record player] or ring for a short-term use at a party," id . at 854, all instances in which the offender takes property "with the intent to return it to the owner shortly thereafter" and thus without an intent to substantially compromise the owner's rights in that property, id . at 850.
We apply § 1182(a)(2)(A)(i)(I), as reasonably construed by the BIA, categorically, determining whether the Maryland state offense under which Martinez was convicted categorically fits the BIA's definition of a theft crime of moral turpitude. See Sotnikau v. Lynch , 846 F.3d 731, 735 (4th Cir. 2017). In applying the categorical approach, the Supreme Court instructs:
[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to the state statute's language. It requires a realistic probability, not a theoretical possibility , that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (non-generic) manner for which he argues.
Gonzales v. Duenas-Alvarez , 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (emphasis added); see also Moncrieffe v. Holder , 569 U.S. 184, 191, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) (explaining that the categorical approach's "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense"). Thus, under this standard, we must determine whether there is a "realistic probability"-as distinguished from a "theoretical possibility"-that Maryland courts would allow joyriding-type offenses to support a conviction under § 7-104 so as to make the Maryland theft statute broader than generic theft involving moral turpitude. And such a realistic probability is shown by referring to cases supporting Martinez's position.
It is readily apparent that neither the majority nor Martinez has conducted the necessary analysis. The Maryland theft statute- § 7-104 -prohibits "willfully or knowingly obtain[ing] or exert[ing] unauthorized control over property" with the intent to "deprive the owner of the property," Md. Code Ann., Crim. Law § 7-104(a)(1), and the term "deprive" is defined, as relevant here, as the "withhold[ing] [of] property of another ... [either] permanently [or] for a period that results in the appropriation of a part of the property's value," id . § 7-101(c)(1)-(2). Maryland courts thus hold that a defendant who knowingly exercises unauthorized control over another's property with the intent to withhold the property for a period "long enough to appropriate a portion of" the property's value is guilty of violating § 7-104. In re Lakeysha P. , 106 Md.App. 401, 665 A.2d 264, 276 (1995) (interpreting nearly identical predecessor statute). And critically, for present purposes, the Lakeysha P. court explained, "It is clear that *665 [the] definition of 'deprive' [as including the 'withhold[ing] [of] property of another ... [f]or such a period as to appropriate a portion of its value'] does not embrace every unauthorized use of another's property, no matter how minimal or how brief " because, "[i]f that were the case, what is now the crime of Unauthorized Use would be subsumed into the consolidated crime of Theft." Id . (emphasis added). Indeed, a major premise underlying Lakeysha P. 's analysis was that facts consistent with mere joyriding would not be sufficient to support a conviction for the theft of that automobile. See id . at 265.
Despite this, the majority nonetheless speculates that § 7-104 would treat joyriding as automobile theft because a joyrider intentionally "deprives the vehicle owner of the value of the gasoline, oil, and tire treads that are consumed during the ride." Ante at 662. But, to be clear, the BIA has never said that the theft of even relatively small amounts of "gasoline, oil, and tire treads" is not morally turpitudinous. See, e.g. , Matter of Scarpulla , 15 I&N Dec. 139, 140-41 (BIA 1974) (noting that it is "well settled" that petty theft involves moral turpitude). Rather, what it has specified is that a theft statute that allows joyriding to be punished as automobile theft cannot qualify as a crime involving moral turpitude because the intended deprivation involved in joyriding does not substantially compromise the owner's property rights in the vehicle . See Diaz-Lizarraga , 26 I&N Dec. at 850-51. And, here, the majority has done no more than speculate-based on its reading of § 7-101(c) and contrary to the analysis provided in Lakeysha P. -that joyriding would be punished as the theft of a vehicle under § 7-104. This is precisely the type of "application of legal imagination to a state statute's language" that Duenas-Alvarez prohibits when conducting the categorical approach. 549 U.S. at 193, 127 S.Ct. 815.
Moreover, neither the majority nor Martinez has cited to any case where a Maryland court has applied § 7-104 to joyriding-type conduct. The best that the majority can do is identify an instance where an individual was charged with theft under § 7-104 for unauthorized borrowing of property resulting in normal wear and tear. See ante at 662. But the existence of such a charge does not amount to case law and is nothing more than the "theoretical possibility" that Duenas-Alvarez instructs is insufficient. 549 U.S. at 193, 127 S.Ct. 815. The Supreme Court has made clear that Martinez "must at least point to ... cases in which the state courts in fact did apply the statute" to cover a de minimis, temporary taking. Id . (emphasis added). Because Martinez and the majority have not shown that there is such a case and therefore a "realistic probability" that Maryland courts would apply § 7-104 to "de minimis, temporary takings like joyriding," ante at 662, they fail in their argument that § 7-104 does not qualify as a crime involving moral turpitude.
The BIA held in this case that " MD Code, Criminal Law § 7-104 categorically matches the generic definition of a [crime involving moral turpitude] because, viewed in conjunction with the definition of 'deprive' at MD Code, Criminal Law § 7-101(c), the statute necessarily requires the perpetrator to either engage in fraud or deception, or withhold at least some of the rights and benefits of ownership from the victim with a culpable mental state," citing Diaz-Lizarraga . I agree and therefore would affirm the BIA's decision.